INSTITUTIONALIZED JUVENILES IN PENNSYLVANIA INSTITUTIONS FOR the MENTALLY ILL AND the MENTALLY RETARDED, et al.

v.

SECRETARY OF PUBLIC WELFARE, COMMONWEALTH OF PENNSYL-VANIA and Frank Beal, et al.

Civ. A. No. 72–2272.

United States District Court, E. D. Pennsylvania.

March 28, 1978.

Probable Jurisdiction Noted June 19, 1978. See 98 S.Ct. 3087.

David Ferleger, Philadelphia, Pa., for plaintiffs.

Norman J. Watkins, Deputy Atty. Gen., Com. of Pa., Dept. of Justice, Harrisburg, Pa., for defendants.

## MEMORANDUM CERTIFYING DEFENDANT CLASS

HUYETT, District Judge.

Plaintiff has moved for certification of both plaintiff and defendant classes pursu-ant to F.R.C.P. 23. The proposed defendant class is defined as "directors of all mental health and mental retardation facilities in Pennsylvania which are subject to regula-tion by the defendant Secretary of Public Welfare." Representatives of the class are the Secretary of Public Welfare and di-rectors of three state-owned and operated facilities. Plaintiffs propose that this class be certified pursuant to F.R.C.P. 23(a) and 23(b)(1)(B) or 23(b)(2).

Although we are, at this point, reserving our decision on certification of a plaintiff class, we see no reason to delay certification of a defendant class. For the reasons stat-ed below, we certify the defendant class as defined by plaintiff.

Two of the requirements of Rule 23(a), numerosity and the existence of common questions of law and fact, clearly are met. With respect to numerosity, there are 30 state-owned and operated institutions in Pennsylvania and more than 400 state-li-censed facilities. The question of law com-mon to all of these defendants is the validi-ty of the challenged state statutes and reg-ulations governing voluntary commitment of mentally ill and mentally retarded juve-niles.

The most important area of inquiry when considering the propriety of a defend-ant class is to assure that the class repre-sentatives will adequately represent the in-terests of the absent class members. This is assured by requiring that the interests of the class representative be typical of those of absent class members, that the class be conflict-free, and that the class representa-tive have a personal interest in the issues so that the defense mounted will be vigorous. *Note, Defendant Class Actions,* 91 Harv.L. Rev. 630, 639–40 (1978).

Those requirements are met here. The Secretary of Public Welfare, the named class defendant, has a strong interest in defending the validity of the challenged statutes and regulations. In *Common-wealth v. Rizzo,* 530 F.2d 501 (3d Cir. 1976), the Third Circuit, in discussing the adequa-

cy of representation problem in the context of a motion to intervene as of right, stated:

> [A] presumption of adequate representation arises when the representative is a governmental body or officer charged by law with representing the interests of the absentee. . . . Where official policies and practices are challenged, it seems unlikely that anyone could be better situated to defend than the governmental department involved and its officers.

*Id.* at 505. *See Pennsylvania Ass'n. for Retarded Children v. Pennsylvania,* 343 F.Supp. 279 (E.D.Pa.1972).

The same could be said here. The Secretary of Public Welfare is charged with enforcing the statutes and regulations being challenged by the instant lawsuit. Furthermore, we see no possible conflict within the class, since the challenged statutes and regulations are applicable to all of Pennsylvania's mental health institutions, whether state-owned and operated, or privately owned. Thus, we conclude that the Secretary of Public Welfare is an adequate representative of the class.

In conclusion, we certify pursuant to F.R.C.P. 23(a), and 23(b)(2) [1] the following class:

> The directors of all mental health and mental retardation facilities in Pennsylvania which are subject to regulation by the defendant Secretary of Public Welfare.

Since this is a 23(b)(2) class, no notice need be given to absent class members.

Honorable John J. Gibbons and Honorable Raymond J. Broderick advise me that they are in accord with this Memorandum and Order and authorize me to issue the Memorandum and Order on behalf of the three judge court.

---

1. The defendant class also qualifies for certification pursuant to F.R.C.P. 23(b)(1)(B). In view of the binding effect of the statute and the Department of Public Welfare's regulations on all mental health and retardation facilities, "adjudication with respect to individual members of the class . . . would as a practical matter be dispositive of the interests of the other members not parties to the adjudications."